[Civ. No. 2049.  First Appellate District.—May 19, 1917.]

## A. J. LILJEFELT, Appellant, v. CHARLES BLUM et al., Respondents.

ASSAULT AND BATTERY—DEFAULT IN ACTION FOR DAMAGES—JUDGMENT
FOR DEFENDANTS—PRESUMPTION UPON APPEAL.—In an action for
damages for assault and battery, where the defendants made de-
fault, and the trial court, upon application of plaintiff, gave judg-
ment for the defendants, it will be presumed on appeal from the
judgment, in the absence of any record of the evidence or findings,
that plaintiff, although assaulted, was not damaged.

ID.—NOMINAL DAMAGES — FAILURE TO AWARD — INSUFFICIENT GROUND
FOR REVERSAL.—A judgment will not be reversed on appeal for
failure to award nominal damages.

APPEAL from a judgment of the Superior Court of
Alameda County.  Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Amasa C. Smith, and Southard M. Modry, for Appellant.

Chas. Blum, and Jane Doe Blum, *in pro. per.*, for Re-
spondents.

THE COURT.—In this action plaintiff asked damages in
the sum of ten thousand dollars for an assault and a battery
committed on him by the defendant, Jane Blum, who is the
wife of the other defendant.  Defendants defaulted, and
application was made by the plaintiff to the court for the re-
lief demanded in the complaint.  The trial court gave judg-
ment for the defendants.  The case is here upon the judg-
ment-roll alone.  Findings were waived by plaintiff, and the
evidence not being before this court it is unable to determine
upon what facts the trial court acted.  It does appear that
the defendant, Jane Blum, and one other witness were ex-
amined.  The defendants having defaulted, the hearing on
plaintiff's application for judgment was governed, as is con-
ceded, by subdivision 2 of section 585 of the Code of Civil
Procedure, under which the only question before the trial
court was that of damages.  In the absence of both the evi-
dence and findings this court must presume in support of the

judgment that plaintiff, although assaulted, was not damaged. The plaintiff contends that, as all the facts alleged in his complaint were admitted by the default, he was entitled to nominal damages and his costs; but a judgment for nominal damages would not have carried costs; and conceding, but not deciding, that the plaintiff was entitled to a judgment for nominal damages, this court will not reverse this case because of a failure of the trial court to find in favor of plaintiff for nominal damages only.

Judgment affirmed.