[Civ. No. 20988. First Dist., Div. Three. Aug. 23, 1963.]

E. A. TALIAFERRO, Cross-complainant and Appellant, v. WILLIAM H. HOOGS et al., Cross-defendants and Respondents.

E. A. Taliaferro, in pro. per., for Cross-complainant and Appellant.

No appearance for Cross-defendants and Respondents.

DRAPER, P. J.—This action was filed in the municipal court. Plaintiff Landisman held $360 belonging to Mrs. Hardison. He interpleaded defendants Taliaferro, formerly husband and wife, alleging that each claimed the Hardison money. Mr. Taliaferro cross-complained for large damages, and the case was transferred to superior court. That court denied cross-complainant's motion for entry of default of cross-defendant Hoogs. The default of cross-defendant Hardison was entered by the clerk, but after taking evidence on cross-complainant's application for judgment, the court granted dismissal as to her "for failure of proof." Taliaferro appeals.

The court properly refused to enter Hoogs' default. He had been served only by mail. He did become attorney of record for Mrs. Taliaferro, but appellant's contention that this constituted a voluntary appearance (Code Civ. Proc.,

§ 416) by him as a cross-defendant is absurd. Thus default could follow only upon personal service (Code Civ. Proc., §§ 585, 411). Nothing in the record supports the claim of appellant's brief that Hoogs had agreed to accept service of process by mail. It is unnecessary to determine whether the order is appealable.

Although Mrs. Hardison is made a cross-defendant (with plaintiff Landisman, the former Mrs. Taliaferro and her attorney Hoogs), none of the cross-complaint's five counts is specifically directed against her. Only the first even approaches stating a claim against her. Its essence is that she conspired with the other defendants to withhold sums due to Taliaferro, thus rendering him unable to pay amounts due upon a note and causing him to lose the property securing it. He asks $8,000 damages to compensate for this loss, and $10,000 as exemplary damages.

Obviously, default judgment on those claims can be entered only upon proof to the court of the damage sustained (Code Civ. Proc., § 585, subd. 2; *Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662]). We have no record of any evidence offered by appellant, and thus must presume that no damage was shown (*Liljefelt* v. *Blum,* 33 Cal.App. 721 [166 P. 384]).

The order denying default and the judgment of dismissal are affirmed.

Devine, J., and Salsman, J., concurred.