[No. G044357. Fourth Dist., Div. Three. Dec. 19, 2011.]

HARBOUR VISTA, LLC, Plaintiff and Respondent, v.
HSBC MORTGAGE SERVICES INC., Defendant and Appellant.

1498

## Counsel

TFLG, S. Edward Slabach, Eric G. Fernandez and Noah M. Bean for Defendant and Appellant.

Gregory Beam & Associates, Gregory B. Beam and Stephen A. Rains for Plaintiff and Respondent.

## Opinion

**BEDSWORTH, Acting P. J.—**

### INTRODUCTION

This appeal requires us to interpret the statute governing judgments in quiet title actions. The statutory language is about as straightforward as such language ever gets: "The court shall not enter judgment by default . . . ." (Code Civ. Proc., § 764.010.) Entry of a default judgment against appellant HSBC Mortgage Services Inc., and in favor of respondent Harbour Vista, LLC, in a quiet title action was error.

We therefore reverse. After examining the relevant statutes, we conclude the court did not have the authority to enter a default judgment in this situation. In addition, we conclude the statute obligated the court to hold an evidentiary hearing in open court before it adjudicated title, a hearing in which both HSBC and Harbour Vista could participate. We therefore remand the case to the trial court to conduct this hearing.

## FACTS[1]

Harbour Vista has alleged it is the lessee of a ground lease of land on which a Huntington Beach condominium complex has been built. This case concerns one of the condos in the complex. The owner, Julie Nugent, borrowed the money to buy the unit from Fieldstone Mortgage Company. Nugent secured her Fieldstone loan with a deed of trust on the condo. She is also alleged to have entered into a sublease with Harbour Vista for the right to occupy the land on which the unit sits.

Nugent did not pay her rent pursuant to the sublease, and Harbour Vista obtained an unlawful detainer judgment, removing her from the condo. Nugent also defaulted on her mortgage with Fieldstone, and Fieldstone foreclosed on the unit. HSBC bought the condo at the foreclosure sale in December 2009.

In October 2009, Harbour Vista filed a quiet title action, alleging a right to the unit itself. HSBC was among the defendants named in the quiet title action, and it received the pleadings, including a lis pendens on the unit, no later than November.

HSBC failed to answer or otherwise respond to the complaint, and Harbour Vista took its default in January 2010.[2] HSBC appeared in April 2010 at the case management conference; by that time, Harbour Vista had lodged its prove-up documents for a default judgment. At the case management conference, counsel for HSBC informed the court that HSBC intended to move to set aside the default and asked to have the motion heard before the court ruled on the default judgment. The court proposed continuing the case management conference for 60 to 90 days. Counsel for Harbour Vista objected to continuing the case for that long and suggested that if HSBC did not file its set-aside motion within the next two weeks, the court should go ahead with the prove-up.

---

[1] We have drawn the recitation of facts from the documents in the clerk's transcript. This recitation is not intended to establish any facts or to preapprove any evidence to be presented at the evidentiary hearing. Everyone starts with a clean slate.

[2] HSBC later alleged it had not answered because the complaint and the lis pendens papers had been mistakenly routed to the wrong department, where their significance had not been understood. They were simply put in a file.

At this point, the court said, "Sounds like it was a race to whether we enter judgment before you file your motion to set aside and get it heard. Sounds simple. Just do it the old-fashioned way. Let's race to it. All right?" Upon being asked whether it had set a date for the prove-up, the court replied, "No. I think it's just submitted as chambers work so that the judge could do it on that same day it's received, the judge could do it in a week or two thereafter. It's typically handled as chambers work after it's received downstairs. So I would suggest that if you're going to file a motion to vacate, that you file it like yesterday."

The race was a 10-yard dash. On the day of the case management conference, April 28, 2010, the court entered the default judgment for quiet title in favor of Harbour Vista. HSBC subsequently filed its motion to set aside the default and vacate the default judgment. The court denied this motion and a later motion for reconsideration. This appeal followed.

## DISCUSSION

HSBC has identified several issues on appeal. One of them, we believe, disposes of the entire matter. Contrary to the controlling statute, Code of Civil Procedure[3] section 764.010, and without holding an evidentiary hearing, one in which both Harbour Vista and HSBC were entitled to participate, the court entered a default judgment. We believe that was error.

I. *Default Judgment in Quiet Title Actions*

■ We review the interpretation and application of a statute to undisputed facts de novo. (*Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 65 [118 Cal.Rptr.2d 405].) We look to the words of the statute to determine legislative intent. If the language is clear and unambiguous, we follow the plain meaning. If it is not, we may consider other interpretive aids. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) We do not consider statutes in isolation, but rather in light of the statutory scheme to which they belong. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1245 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

Section 760.010 et seq. set out the process for quieting title in property. The statute that concerns us here, section 764.010, provides, "The court shall examine into and determine the plaintiff's title against the claims of all the defendants. *The court shall not enter judgment by default* but shall *in all cases* require evidence of plaintiff's title *and hear such evidence as may be*

---

[3] All further statutory references are to the Code of Civil Procedure.

*offered respecting the claims of any of the defendants*, other than claims the validity of which is admitted by the plaintiff in the complaint. The court shall render judgment in accordance with the evidence and the law." (Italics added.)

■ The Legislature has not left anything to the imagination about whether a trial court can enter a default judgment in a quiet title action. "The court shall not enter judgment by default" is unequivocal. Moreover, unlike the ordinary default prove-up, in which a defendant has no right to participate (see, e.g., *Garcia v. Politis* (2011) 192 Cal.App.4th 1474, 1479 [122 Cal.Rptr.3d 476]), before entering *any* judgment on a quiet title cause of action the court must "in all cases" "hear such evidence as may be offered respecting the claims of any of the defendants" (§ 764.010). Although the statute does not spell out who offers this evidence among the three possible candidates—the plaintiff, the court, or the defendant—the only sensible alternative is the defendant. (See *People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224] ■ [statutes interpreted to avoid absurd consequences].)

*Yeung v. Soos* (2004) 119 Cal.App.4th 576 [14 Cal.Rptr.3d 502] (*Yeung*) has been the leading case in quiet title default judgments since it was decided. In *Yeung*, the plaintiffs filed a complaint to quiet title, which the defendant did not answer. After a default judgment was entered against him, the defendant moved to set it aside on the grounds that it was a void judgment. The motion was denied, and he appealed from the judgment as being void on its face. (*Id.* at p. 579.)[4]

The appellate court held that the judgment was not void on its face, but was merely erroneous, because the court had not held the evidentiary hearing mandated by section 764.010. (*Yeung, supra,* 119 Cal.App.4th at p. 582.) Defendant's motion to set aside the judgment was untimely, and the judgment was affirmed. (*Id.* at p. 583.)

After acknowledging that no prior cases had construed section 764.010 (*Yeung, supra,* 119 Cal.App.4th at pp. 580–581), the court put its own gloss on the statutory language: "[S]ection 764.010 is frequently referred to as a prohibition against default judgments in quiet title actions. [Citation.] 'However, the provision against default judgments [in quiet title actions] appears to be a misnomer; i.e., it seems only to require a higher standard of evidence at the "prove-up" hearing [].' (Weil & Brown, Cal. Practice Guide: Civil

---

[4] The defendant had to contend that the judgment was void on its face because he had filed his set-aside motion too late to qualify for relief under section 473, subdivision (b). (*Yeung, supra,* 119 Cal.App.4th at pp. 581–582.)

Procedure Before Trial (The Rutter Group 2003) ¶ 5:271, p. 5-59.)[5] Competent evidence is required at the hearing of a quiet title action after default. [Citation.] . . . [S]ection 764.010 simply provides that a plaintiff does not have a right to entry of judgment in his or her favor *as a matter of course* following entry of the defendant's default in a quiet title action.[6] [Citation.] The statute does not preclude entry of a defendant's default. [Citations.] In fact, the statute was expressly intended to be consistent with . . . section 583 [(*sic:* 585)], subdivision (c), which concerns default judgments where service is by publication. [Citation.]" (*Yeung, supra*, 119 Cal.App.4th at pp. 580–581.)

We reluctantly disagree with *Yeung* and the practice guide. To us, the prohibition against default judgments in quiet title actions appears absolute. If the Legislature had wanted merely to increase the standard of proof for a quiet title default judgment, it would have constructed this statute differently; it would have addressed the standard of proof. Forbidding default judgments entirely seems an unlikely and excessively subtle way of accomplishing such a goal.

---

[5] The interaction between *Yeung* and the practice guide provides an insight into the creation of legal authority. The sentence from the 2003 version of Civil Procedure Before Trial cited in the opinion—the sole authority for the court's conclusion—is phrased tentatively: the provision "appears" to be a misnomer; it "seems" to require a higher standard of proof. In 2009, however, the practice guide takes a much firmer stand: "Th[e] statutory prohibition on default judgments in quiet title actions is inaccurate. It simply means plaintiff does not have a right to judgment in his or her favor as a matter of course following entry of defendant's default." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) ¶ 5:271, p. 5-65.) The authority for this categorical statement about the statute's "inaccuracy" is, of course, *Yeung*.

[6] What the *Yeung* court meant by entering an ordinary default judgment "as a matter of course" is not clear to us. Section 585, subdivision (a), permits the clerk of the court to enter a default judgment "[i]n an action arising upon contract or judgment for the recovery of money or damages only" and not at all in cases where a defendant was served by publication. (§ 585, subd. (c).) The clerk's authority to enter such a judgment is strictly construed, and entry is not allowed in doubtful cases. (*Liberty Loan Corp. of North Park v. Petersen* (1972) 24 Cal.App.3d 915, 920 [101 Cal.Rptr. 395].) In most instances, therefore, the plaintiff must produce evidence at the default prove-up, or judgment will be denied. (See, e.g., *Taliaferro v. Hoogs* (1963) 219 Cal.App.2d 559, 560 [33 Cal.Rptr. 415].) True, the evidence need only establish a prima facie case (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 363 [85 Cal.Rptr.2d 82]), but a prima facie case is not equivalent to "a matter of course." Prima facie evidence is still evidence and subject to some standards. (See *People v. Van Gorden* (1964) 226 Cal.App.2d 634, 636–637 [38 Cal.Rptr. 265].) The automatic entry of a default judgment implied by "a matter of course" is available only if the case meets the criteria of section 585, subdivision (a). Otherwise, the court hears evidence and renders judgment for such relief "as appears by the evidence to be just." (§ 585, subds. (b), (c).) To us this implies subjecting the evidence to some scrutiny, not simply acquiescing to the plaintiff's demand, so we are unclear about Weil & Brown's reference to a "higher standard of evidence."

Furthermore, after a plaintiff has obtained a default under section 585, the defendant no longer has any right to participate in the case. (*Garcia v. Politis, supra,* 192 Cal.App.4th at p. 1479.) Under section 764.010, by contrast, the court must "in all cases" "hear such evidence as may be offered respecting the claims of *any* of the defendants" (italics added) before it can render judgment. "Any" defendant has to include a defendant whose default has been taken, and "all cases" must mean even cases in which a default has occurred. If a defendant shows up before judgment is entered, the court must "hear such evidence" as this party may offer about its claims, even if the defendant is in default. We can see no other way of interpreting this statute.

Our dissenting colleague is concerned that permitting a defaulting defendant to participate at a hearing represents too great a departure from normal civil procedure. He would instead rely on the plaintiff to present the evidence of the defaulting defendant's claim to title and exclude the defendant from any participation in the hearing itself, as would be the case in an ordinary default. This position, however, does not sufficiently recognize the adversarial nature of a quiet title action. Given both the nature of an adversarial proceeding and an attorney's duty of loyalty to his or her client, we cannot really expect plaintiff's counsel to present evidence or argue in favor of a defendant's adverse claim.[7] Yet the statute requires the court to "hear such evidence as may be offered respecting the claims of any of the defendants." (§ 764.010.)[8] Although it is true that a quiet title action requires plaintiff to acknowledge some adverse claim to its title in order to establish a legal controversy, plaintiff's counsel cannot possibly present and argue this claim to the court with the enthusiasm and thoroughness he or she would address to his or her own client's claim. Unless the defendant has at least the opportunity to present its own evidence, the court will be hampered in discharging its duty to "render judgment in accordance with the evidence and the law." (§ 764.010.)

■ Moreover, it is not true, as the dissent maintains, that allowing a defendant to participate in a quiet title judgment hearing nullifies the legal effect of a default. We agree section 764.010 does not prohibit a quiet title

---

[7] In *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564 [15 P.2d 505], the California Supreme Court articulated an attorney's duty of loyalty after the attorney-client relationship has ended as follows: "[An attorney] may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." (*Id.* at pp. 573–574.) A fortiori, it would appear, an attorney may not do anything that will injuriously affect his or her *present* client or use against the client information acquired by virtue of the *current* attorney-client relationship, such as find and present witnesses to testify against his or her client's claim at the quiet title hearing.

[8] The basic default judgment statute, section 585, subdivision (b), places no obligation on the trial court to hear evidence respecting the defendant's claims.

plaintiff from taking a defendant's default. Once that happens, the defendant is severely disadvantaged. The plaintiff is no longer required to serve documents on it or give notice of any future court dates. (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1301 [24 Cal.Rptr.3d 780].) This cuts the defendant off from the most readily available source of information about the case. The defendant also cannot participate in any other hearings or conferences with the court. In fact, the most likely outcome is that the defaulting defendant will not learn of the hearing to adjudicate title until it is too late to attend.

Finally, our dissenting colleague is concerned that a defaulting defendant may show up for the first time at the adjudication hearing and present evidence of its adverse claim the plaintiff has had no chance to see, in effect conducting a "trial by ambush." But a defendant who pulled such a stunt would hardly find favor with the trial court, which would, in all likelihood, continue the hearing to allow the plaintiff to respond to the newly presented evidence.[9] We are confident of the trial courts' ability to forestall trials by ambush.

We agree with our dissenting colleague that allowing a defaulting defendant to participate in a hearing is unusual—verging on unique. But, then again, real property is unique, and the vast majority of these actions deal with real property. Perhaps the rationale behind the legislative creation of this juridical platypus can be gleaned from the history of the statute.

The quiet title statutes were originally enacted in 1901. They included a prohibition against default judgments, but only in cases where title was claimed through adverse possession. (See *Batchelor v. Finn* (1959) 169 Cal.App.2d 410, 420–422 [341 P.2d 803].)[10]

The Legislature amended the entire statutory scheme in 1980. According to the California Law Revision Commission, the quiet title statutes needed revamping because under ordinary circumstances, a real property owner

---

[9] Even if the defaulting defendant appeared at the last minute out of desperation, having just found out about the hearing, and presented evidence the court and the plaintiff had not seen, we would expect the court to continue the hearing.

[10] As enacted in 1903, former section 751 (the predecessor of the present statute) provided in pertinent part: "When the summons has been served as provided [in section 750 of this code] and the time for answering has expired, the court shall proceed to hear the case as in other cases and shall have jurisdiction to examine into and determine the legality of plaintiff's title and of the title and claim of all the defendants and of all unknown persons, and to that end must not enter any judgment by default, but must in all cases require evidence of plaintiff's title and possession and hear such evidence as may be offered respecting the claims and title of any of the defendants and must thereafter direct judgment to be entered in accordance with the evidence and the law."

could not get an in rem quiet title decree, that is, a decree binding on everyone. The circumstances under which an in rem decree was available were narrow and unusual. As a result, a property owner who acquired title by deed could clear it only against a specific challenger (and then only through a quasi-in-rem decree) or by resorting to a fake adverse possession or partition lawsuit. This gap in the law created problems with obtaining title insurance and, ultimately, with the ability to market real property. (See Recommendation Relating to Quiet Title Actions (Sept. 1979) 15 Cal. Law Revision Com. Rep. (1980) p. 1187; Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1676 (1979–1980 Reg. Sess.), reprinted as Appen. V., Annual Rep., 15 Cal. Law Revision Com. Rep. (1980) p. 1457.)

One purpose of the new statutes was therefore to allow "the holder of any interest in property to quiet title as against any or all adverse claimants, as of the time of the lawsuit or any time prior thereto by permitting such persons to obtain an in rem quiet title decree."[11] (Assem. Com. on Judiciary, Bill Dig., Assem. Bill No. 1676 (1979–1980 Reg. Sess.) p. 1.) The new laws also did away with the distinction between a quiet title action based on adverse possession and actions based on other grounds, and they extended the prohibition against default judgments to all types of quiet title actions.

Under the revised statutes, once a quiet title judgment on any grounds becomes final, it is good against all the world as of the time of the judgment. There is, for all practical purposes, no going back. Given the frequency with which quiet title actions involve real property—which is recognized as unique—it is understandable that the Legislature would want to take every precaution to assure title is adjudicated correctly. These precautions could reasonably include allowing a defendant having some claim to the property to present evidence, even if it has been dilatory in responding beforehand. Under these circumstances, suspending the prohibition against allowing a defaulting defendant to participate in an adjudication hearing seems not at all farfetched.

## II. *The Quiet Title Judgment "Hearing"*

Section 764.010 requires the trial court to "examine into and determine the plaintiff's title," to "require evidence of plaintiff's title," and to "hear such evidence as may be offered respecting the claims of any of the defendants." Does this language require an open-court hearing?

---

[11] "The purpose of this bill is to permit a property owner to get a general decree that would be binding on all people." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1676 (1979–1980 Reg. Sess.) Feb. 29, 1980, p. 2.)

As the California Supreme Court has observed, use of the words "hear" and "hearing" in a statute does not necessarily mean an oral presentation before a judge. (*Lewis v. Superior Court, supra*, 19 Cal.4th at pp. 1247–1248.) Sometimes it can simply refer to " 'the consideration and determination of a cause by the court or by a judge, as distinguished from a trial of a cause, which is a term more properly predicated of its determination by a jury. [Citations.]' " (*Id.* at p. 1248.)

We have had occasion in the past to deal with the question of whether a statute using the terms "hear" or "hearing" called for oral argument. In *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 262–263 [77 Cal.Rptr.2d 781], we determined, by examining the statutory language, that a judge must hold oral argument before ruling on a summary judgment motion. In *Hobbs v. Weiss* (1999) 73 Cal.App.4th 76, 78 [86 Cal.Rptr.2d 146], we made the same determination for issuing a writ of attachment. We followed both cases in *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 751 [104 Cal.Rptr.2d 810] (*TJX*), holding that a demurrer to class action allegations requires oral argument.

In *TJX*, we distilled the principles used to determine whether a statute requires oral argument: "The court should look to the words of the statute and apply their plain meaning, if there is one. [Citation.] But where the statutes employ imprecise terms such as 'heard' and 'hearing,' then we further analyze whether 'the context or other language indicates a contrary intent.' [Citation.] In so doing we study the entire statutory scheme, reading the provisions in context and considering their nature and purpose. [Citation.] Does the trial judge act as a fact finder or adjudicate any issues at the hearing? Are there any procedural remedies (making evidentiary objections, orally moving for a continuance) provided for any of the litigants at the time of the hearing? Do the proceedings involve 'critical pretrial matters of considerable significance to the parties. . . .' [Citation.] [¶] Last, we consider the bona fides of the pending motion: Is there an authentic dispute, or are the issues so obvious or well-settled that oral argument 'would amount to an empty gesture'? [Citation.]" (*TJX, supra*, 87 Cal.App.4th at p. 751.)

Applying these principles to the present situation, we conclude a quiet title judgment requires a hearing in open court. Although section 764.010 does not mandate oral argument—and we do not hold oral argument is necessary, though it may be helpful—the statute requires examining plaintiff's title and hearing defendant's evidence "in all cases." Default judgment, as we have discussed, seems not to be an option for quiet title cases.

The court clearly acts as a fact finder and adjudicates issues when it determines whether to quiet title in the plaintiff. Although the statute does not

explicitly permit evidentiary objections, we believe this feature is implicit in the portion of the statute that "require[s] evidence of plaintiff's title" and requires the court to hear defendant's evidence. If evidence is to be received, the court must fulfill its gatekeeper function, and that would require considering objections. The court must decide whether the evidence is sufficient in any event, because it must render judgment "in accordance with the evidence . . . ." (*Ibid.*) Allowing objections from each side assists the court in making this determination. Finally, a quiet title judgment clearly involves a matter of considerable significance to the parties. If quiet title is the sole cause of action, the hearing is, in effect, the trial of the entire matter. Like summary judgment, attachment, and demurrer, it warrants an open-court hearing. "It is wise public policy to conduct judicial proceedings in the sunshine, unless there is a very good reason not to do so." (*TJX, supra*, 87 Cal.App.4th at p. 754.)

■ The language of section 764.010 compels us to conclude the trial court erred when it entered a default judgment against HSBC without an open-court hearing. It had to allow HSBC to present its evidence about its claim to title, even though HSBC had not yet answered the complaint and was in default. Evidently the Legislature is willing to tolerate some procedural messiness in quiet title actions, in the interests of getting title properly adjudicated. And it clearly does not want the court to adjudicate title on prima facie evidence, as would be allowed in an ordinary default prove-up.

If a court holds a properly noticed evidentiary hearing and no defendant turns up, then the court renders judgment "in accordance with the evidence and the law," based on what it has before it. This would *not* be a default judgment; any defendant, even one in default, has the right and the opportunity to appear and present evidence. This is another reason for scheduling and holding a hearing in open court; it allows the court to finish the case without falling foul of the statute. After judgment is entered, a defaulting defendant not present at the hearing will have to move to have the default and the judgment set aside under section 473, subdivision (b), in order to contest the judgment.

It follows that HSBC should not have had to move to set aside the default judgment; the judgment should not have been entered. Most assuredly there should have been no unseemly "race" to see whether Harbour Vista could get its default judgment entered before HSBC filed its set-aside motion. The statute requires the court to enter "judgment in accordance with the evidence and the law," not in accordance with one party's ability to file papers faster than the other party. The statute also obliges a court to "hear such evidence as may be offered respecting the claims of any of the defendants" (§ 764.010), HSBC appeared before the court in plenty of time to conduct the evidentiary

hearing required by the statute in an orderly fashion. We emphasize, however, that the only issues at this hearing are Harbour Vista's and HSBC's claims to title (assuming no other defendants appear). Other issues, such as whether Harbour Vista's complaint states a cause of action, are not before the trial court. The court's sole task is to hear the evidence and determine title based on it.

## DISPOSITION

The case is reversed and remanded to the trial court to hold an evidentiary hearing in open court on both Harbour Vista's and HSBC's claims to title to the condominium and to render judgment in accordance with the evidence and the law. The parties are to bear their own costs on appeal.

Moore, J., concurred.

**ARONSON, J.,** Concurring and Dissenting.—I concur with the majority's conclusion the trial court prejudicially erred by entering a default judgment against defendant and appellant HSBC Mortgage Services Inc. As the majority explains, Code of Civil Procedure section 764.010 unmistakably prohibits entry of judgment by default in quiet title actions.[1] Accordingly, I agree with my colleagues that we must reverse the default judgment and remand the matter to the trial court for further proceedings.[2]

I dissent, however, from the majority's conclusion that a defendant in default may present evidence or otherwise participate in the hearing to determine whether the plaintiff has established a right to quiet title in the subject property. The majority recognizes the oddity of allowing a defendant in default to contest the plaintiff's evidence, but claims this result is compelled by section 764.010. I disagree. The statute merely requires the trial court to hear evidence of a defendant's claims, which the plaintiff must present to quiet title in the property under dispute. But the majority sees in section 764.010 a right for a defaulted defendant to participate in the trial, a right heretofore unrecognized in California jurisprudence. In reaching this result, the majority fails to consider the purpose prompting the Legislature's

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] The error here is not harmless, as plaintiff and respondent Harbour Vista, LLC (Harbour Vista), contends. The trial court erred in allowing Harbour Vista to prove its case through inadmissible hearsay, and committed the structural error of evaluating Harbour Vista's evidence under the lower evidentiary burden generally applicable to a default prove-up hearing in civil cases. (See *In re Angela C.* (2002) 99 Cal.App.4th 389, 394 [120 Cal.Rptr.2d 922] [" 'structural' error or a 'structural defect[ in the constitution of the trial mechanism . . . affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself' defies analysis by a harmless error standard. [Citation.] A structural error requires reversal without regard to the strength of the evidence or other circumstances"].)

statutory framework for adjudicating defaults. (See *People v. Pieters* (1991) 52 Cal.3d 894, 899 [276 Cal.Rptr. 918, 802 P.2d 420] [courts must "not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness' "].) Instead, the majority substitutes a murky and unclear procedure that would allow a defaulted defendant to participate in the plaintiff's quiet title action.

I also write separately to emphasize that section 764.010 does not authorize a plaintiff (or, under the majority's interpretation of the statute, a defendant) to rely on declarations to prove (or disprove) a quiet title case. Although the majority concludes section 764.010 requires a hearing in open court to adjudicate a quiet title claim, it fails to address whether evidence may be presented through declarations as Harbour Vista did below.

I. *A Defaulted Defendant May Not Participate in Any Hearing or Trial on the Plaintiff's Quiet Title Action*

Based on section 764.010's language stating the trial court "shall in all cases . . . hear such evidence as may be offered respecting the claims of any of the defendants," the majority concludes defaulted defendants may present evidence and oppose a plaintiff's efforts to quiet title in the subject property. According to the majority, " '[a]ny' defendant has to include a defendant whose default has been taken, and 'all cases' must mean even cases in which a default has occurred." (Maj. opn. *ante*, at p. 1504.)

The majority concedes section 764.010 does not spell out who may offer evidence " 'respecting the claims of any of the defendants.' " (Maj. opn. *ante*, at p. 1502.) Section 764.010 does *not* state the trial court shall consider evidence that *any of the defendants may offer* respecting their claims. Nonetheless, the majority concludes the "only sensible alternative" (maj. opn. *ante*, at p. 1502) is that any defendant, even a defendant in default, may offer evidence "respecting the claims of any of the defendants." According to the majority, it would be absurd to interpret section 764.010 as allowing only the plaintiff to present evidence on claims asserted by the defendants. The majority, however, fails to consider the nature of quiet title the actions and the evidentiary burden a quiet title plaintiff faces.

Quiet title is a statutory cause of action. (*Yeung v. Soos* (2004) 119 Cal.App.4th 576, 580 [14 Cal.Rptr.3d 502] (*Yeung*).) " 'Such an action is brought, as authorized by the statute, "for the purpose of determining" any adverse claim that may be asserted therein by a defendant to the land in controversy; and this does not mean that the court is simply to ascertain, as against a plaintiff shown to have a legal interest, whether or not such

defendant has some interest, but also that the court shall declare and define the interest held by the defendant, if any, so that the plaintiff may have a decree finally adjudicating the extent of his own interest in the property in controversy. The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to. . . . [Citations.]' [Citation.]" (*Lechuza Villas West v. California Coastal Com.* (1997) 60 Cal.App.4th 218, 242 [70 Cal.Rptr.2d 399].)

The quiet title statutory scheme requires a plaintiff to name as defendants "the persons having adverse claims to the title of the plaintiff against which a determination is sought." (§ 762.010.) Moreover, a quiet title complaint must be verified (§ 761.020) and must identify the "specific adverse claims as to which the plaintiff seeks to quiet title."[3] (Cal. Law Revision Com. com., 17A West's Ann. Code Civ. Proc. (2011 supp.) foll. § 761.020, p. 82; see also § 761.020, subd. (c).)

In much the same way that a declaratory relief action requires an actual and present controversy, a quiet title action requires "antagonistic property interest[s]." (*Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 831 [93 Cal.Rptr.2d 193].) In other words, a plaintiff cannot obtain a quiet title judgment unless someone claims a conflicting interest in the same property as the plaintiff. (*Ibid.*)

To obtain a judgment quieting title, a plaintiff not only must prove an interest in the property (*Preciado v. Wilde* (2006) 139 Cal.App.4th 321, 326 [42 Cal.Rptr.3d 792]), but also "must prove a title in himself [or herself] superior to that of defendant" (*Gerhard v. Stephens* (1968) 68 Cal.2d 864, 918 [69 Cal.Rptr. 612, 442 P.2d 692]; see *Hines v. Hubble* (1956) 144 Cal.App.2d 830, 837 [301 P.2d 592]). Before entering judgment in any quiet title action, the court must "examine into and determine the plaintiff's title against the claims of all the defendants." (§ 764.010.)

These requirements demonstrate it is not absurd to interpret section 764.010 to allow a quiet title plaintiff to present evidence "respecting the claims of any of the defendants." (See *California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588 [21 Cal.Rptr.3d 451] [courts "must exercise caution using the 'absurd result' rule; otherwise, the judiciary risks acting as a ' "super-Legislature" ' by rewriting statutes to find an unexpressed legislative intent"].) Indeed, a quiet title plaintiff likely will need to present at least some

---

[3] Section 760.010, subdivision (a), defines " '[c]laim' " under the quiet title statutes to include "a legal or equitable right, title, estate, lien, or interest in property or cloud upon title."

evidence regarding a defendant's claim to the property to obtain a judgment quieting title against that defendant, even if the defendant defaulted.

The majority responds that "we cannot really expect plaintiff's counsel to present evidence or argue in favor of defendant's adverse claim" due to "both the nature of an adversarial proceeding and an attorney's duty of loyalty to his or her client . . . ." (Maj. opn. *ante*, at p. 1504.) The majority, however, conflates the plaintiff's burden to *identify* the defendant's competing claim to the property with *advocating* the defendant's claim.

The plaintiff does not advocate the defendant's claim by presenting evidence showing the basis and scope of the defendant's claim. To the contrary, the plaintiff advocates his or her own claim by presenting evidence respecting the defendant's claim because the plaintiff cannot meet the burden to show a superior title without first showing the title the defendant claims. The plaintiff is not required to present evidence establishing the validity of the defendant's claim, but rather the plaintiff need only present evidence describing the defendant's claim.

Requiring a party to present evidence or authority respecting an opponent's claim is not at all unusual in our adversarial system. Indeed, parties are frequently required to identify or present evidence and authority *adverse* to their own claims or interests. (See, e.g., *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82–83, fn. 9 [65 Cal.Rptr.3d 716] [counsel has ethical obligation to disclose applicable legal authority adverse to client's position]; *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 32 [96 Cal.Rptr.2d 553] [appellate court sanctioned counsel for failing to discuss applicable, adverse authority]; *Rio Linda Unified School Dist. v. Superior Court* (1997) 52 Cal.App.4th 732, 740 [60 Cal.Rptr.2d 710] [defendant moving for summary judgment based on plaintiff's lack of evidence must disclose *all* evidence material to plaintiff's claim, including evidence adverse to defendant]; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362] [appellant challenging sufficiency of evidence to support trial court ruling must present *all* material evidence, not merely favorable evidence].)

The majority's interpretation of section 764.010 also ignores a default's legal effect and the difference between a default and a default judgment. " '[T]he "default and default judgment are separate procedures." ' [Citation.]" (*Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 910 [44 Cal.Rptr.2d 682].) A default may be entered against any defendant who fails to respond to a complaint within the time permitted by statute. (§ 585, subds. (a)–(c).) The court clerk has a ministerial duty to enter a defendant's default on the plaintiff's request when the court's records show the plaintiff served the

defendant and the defendant failed to file a responsive pleading. (*Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868, 899 [102 Cal.Rptr.3d 140].)

"The entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered. [Citations.] 'A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or move for a new trial or demand notice of subsequent proceedings.' [Citation.]" (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385–386 [202 Cal.Rptr. 204].)

Once a default is entered against a defendant, the plaintiff ordinarily may apply to the court for a default judgment awarding the relief sought in the complaint.[4] (§ 585, subds. (b) & (c).) The court is required to hear the evidence offered by the plaintiff and render judgment in the plaintiff's favor "as appears by the evidence to be just," but not in excess of what is sought in the complaint. (*Ibid.*) To obtain the requested relief, the plaintiff need only make a prima facie showing because the defendant admits the material allegations of the complaint by defaulting. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361–362 [85 Cal.Rptr.2d 82].) Consequently, a trial court errs if it applies the usual preponderance of the evidence standard at a default prove-up hearing. (*Ibid.*) Section 585, subdivision (d), authorizes the trial court to receive the plaintiff's evidence through affidavits or declarations in lieu of live testimony.

A quiet title cause of action is governed by the statutes and rules generally applicable to civil actions unless otherwise inconsistent with the quiet title statutes. (§ 760.060.) Because section 764.010 states, "[t]he court shall not enter judgment by default," the foregoing procedures for obtaining a default judgment in civil actions are inconsistent with the quiet title statutes and therefore inapplicable in quiet title actions.

Section 764.010, however, does *not* prohibit the entry of a default in quiet title actions. (*Yeung, supra,* 119 Cal.App.4th at p. 581.) Nothing in the quiet title statutes is inconsistent with the trial court entering a default against a defendant who fails to answer and thereafter prohibiting that defendant from participating in the action without first vacating the default. The majority acknowledges that section 764.010 does not prohibit the trial court from

---

[4] In an action on a contract or judgment that seeks money damages only, a plaintiff may apply to the clerk for a default judgment. (§ 585, subd. (a).)

entering a default against a defendant (maj. opn. *ante*, at pp. 1504–1505), but nonetheless concludes the default essentially has no legal effect because the defendant still may appear in the action and oppose the plaintiff's efforts to obtain a quiet title judgment.[5]

Under the majority's interpretation of section 764.010, a defendant in default may avoid participating in a quiet title action until the hearing or trial on the plaintiff's complaint, and then appear at that hearing, object to the plaintiff's evidence, and present evidence in opposition to the plaintiff's claim without giving the plaintiff notice of any kind. This sort of trial by ambush runs afoul of all notions of due process and fair play forming the foundation for our adversarial system and nothing in the quiet title statutory scheme supports this result.[6]

By prohibiting default judgments and requiring the trial court to "examine into and determine the plaintiff's title against the claims of all the defendants," section 764.010 ensures a plaintiff affirmatively proves the right to a judgment quieting title in his or her name. Section 764.010 prevents a plaintiff from relying on the lower, prima facie standard of proof that otherwise applies in civil actions when a defendant defaults. It also prevents a plaintiff from relying on the complaint's material allegations that are ordinarily deemed admitted by a defendant who defaults. Simply stated, when a defendant defaults in a quiet title action, section 764.010 requires the plaintiff to prove the case like any other quiet title plaintiff. The only difference is that a defaulted defendant has no right to present evidence or otherwise oppose the plaintiff's case.

---

[5] The majority responds that its holding does not deprive a default of its legal effect because the default cuts off the defendant's right to receive notice of any future hearing dates or documents filed in the action and therefore the defendant likely will not learn of the hearing to adjudicate title until it is too late. (Maj. opn. *ante*, at p. 1505.) I do not agree.

Regardless of whether a default is entered against a defendant, the defendant has no right to receive notice or any papers other than amended pleadings until the defendant appears in the action. (§ 1010 ["No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered *or who has not appeared in the action or proceeding*" (italics added)].) Moreover, in today's information era, court dockets, filings, and calendars are readily available to virtually everyone at the click of a mouse. A defendant who is so inclined may easily decide not to appear after being served, but nonetheless monitor all filings and hearing dates in an action.

[6] The majority suggests the trial court may mitigate any prejudice to a plaintiff caused by a defendant appearing for the first time at the hearing on the merits by continuing the hearing to allow the plaintiff time to respond to the defendant's evidence or arguments. Nothing in section 764.010, however, entitles a plaintiff to a continuance as a matter of right. Whether to grant a continuance is vested in the trial court's discretion. Moreover, the delay a continuance causes also prejudices the plaintiff and still provides a defaulted defendant a means in which to engage in gamesmanship.

According to *Yeung*, interpreting section 764.010 as a prohibition against default judgments is a misnomer because " 'it seems only to require a higher standard of evidence at the "prove-up" hearing [].' [Citation.]" (*Yeung, supra,* 119 Cal.App.4th at p. 580.) Section 764.010, however, does not impose a higher standard of evidence. When a defendant defaults in a quiet title action, the plaintiff must satisfy the same standard of evidence as any other quiet title plaintiff. Section 764.010 merely excludes quiet title actions from the procedures available for proving up default judgments in ordinary civil actions. It does not, however, grant a defaulted defendant any right to participate in the action without first vacating the default.

## II. *A Plaintiff May Not Rely on Declarations to Quiet Title*

Although the majority concludes section 764.010 requires a hearing in open court where the judge must "examine into and determine the plaintiff's title against the claims of all the defendants," the majority also states that oral argument is not required and stops short of prohibiting a plaintiff from using declarations. I agree a hearing in open court is required, but write separately to emphasize that a plaintiff may not prove his or her quiet title claim through declarations, as Harbour Vista sought to do in this case.

As out-of-court statements offered for the truth of the matter asserted, declarations constitute hearsay and are inadmissible unless a statute or other authority creates an exception and authorizes their use. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1354 [63 Cal.Rptr.3d 483, 163 P.3d 160] ["It is well established, however, that declarations constitute hearsay and are inadmissible at trial, subject to specific statutory exceptions"]; *North Beverly Park Homeowners Assn. v. Bisno* (2007) 147 Cal.App.4th 762, 778 [54 Cal.Rptr.3d 644]; *United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 344 [282 Cal.Rptr. 368] (conc. opn. of Spencer, P. J.) ["In the absence of statutory authorization for use, an affidavit is hearsay"]; *Rowan v. City Etc. of San Francisco* (1966) 244 Cal.App.2d 308, 314, fn. 3 [53 Cal.Rptr. 88] ["Affidavits being hearsay may not be used in evidence except where permitted by statute"].)

When the Legislature intends to allow litigants to offer evidence through declarations, it enacts a statute authorizing their use.[7] For example, section

---

[7] Most statutes refer to affidavits rather than declarations, but section 2015.5 authorizes a declaration to be used whenever the law requires an affidavit: "Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force

585, subdivision (d), provides that a trial court may accept evidence through declarations in lieu of live testimony when a plaintiff seeks to prove its case against a defaulted defendant in an ordinary civil action. (§ 585, subd. (d) ["the court in its discretion may permit the use of affidavits, in lieu of personal testimony, as to all or any part of the evidence or proof required or permitted to be offered, received, or heard"].)

Similarly, Family Code section 2336, subdivision (a), allows the court to enter a default judgment of dissolution upon proof of the grounds for dissolution presented through declarations. (Fam. Code, § 2336, subd. (a) ["No judgment of dissolution or of legal separation of the parties may be granted upon the default of one of the parties or upon a statement or finding of fact made by a referee; but the court shall, in addition to the statement or finding of the referee, require proof of the grounds alleged, and the proof, if not taken before the court, shall be by affidavit"].)

Section 2009 permits litigants to present evidence on law and motion matters and other miscellaneous proceedings through declarations: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, and in uncontested proceedings to establish a record of birth, or upon a motion, and in any other case expressly permitted by statute."

Nothing in section 764.010, however, permits a quiet title plaintiff to rely on declarations. (See *Yeung, supra,* 119 Cal.App.4th at p. 581.) The hearsay exception section 585, subdivision (d), creates for default "prove ups" in ordinary civil actions does not apply in quiet title actions because, as explained above, section 764.010 prohibits entry of judgment by default in quiet title actions.

III. *Conclusion*

In sum, the majority's interpretation of the quiet title default statute potentially confers unwarranted litigation advantages for a defendant in default. Now a defendant in a quiet title action may choose to default and avoid revealing defense weaknesses during discovery, tactically waiting to contest the plaintiff's case at the hearing with evidence the plaintiff might

and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. . . ."

otherwise have shown to be unreliable. I doubt the Legislature intended to create litigation advantages for a defendant in default, which upends the underlying rationale behind established default procedure. The express terms of section 764.010 do not permit a defaulted defendant to participate in the hearing, and the untoward results of the majority's decision underscore how they misinterpret this section. Consequently, I dissent from this portion of the majority's opinion.