Filed 8/26/22 Major Market Radio v. Shah CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MAJOR MARKET RADIO, LLC, | |
| Plaintiff and Appellant, | E076519 |
| v. | (Super. Ct. No. PSC1706817) |
| SURESH C. SHAH, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. David M. Chapman, Judge. Affirmed.

United Law Center and John S. Sargetis, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

1

## I.

## INTRODUCTION

Major Market Radio, LLC appeals from the trial court's order denying its request for a default judgment, an award of damages, and attorney's fees, and the court's order dismissing its case for failure to prosecute. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2017, Major filed and served a complaint against Suresh C. Shah alleging claims for breach of contract, fraud, and tortious interference with prospective economic advantage. Major alleged that Shah fraudulently induced Major into renting an office building from him, repeatedly breached their rental lease agreement, and intentionally interfered with Major's negotiations with a prospective tenant for another property. Major sought "at least $100,000" in damages, attorney's fees, and costs for each cause of action, as well as punitive damages for its second and third causes of action.

Because Shah did not timely respond to the complaint, Major requested a default judgment against him in February 2018. Two days later, the trial court issued an order to show cause (OSC) directing Major to explain "why sanctions should not be impose[d] for failure to file default judgment."

2

About six months later, the trial court sanctioned Major $250 and issued another OSC directing Major to show cause why its complaint should not be dismissed "unless Judgment or Dismissal is entered prior to 11/08/08." Major responded by filing a request for judgment along with supporting declarations and a proposed judgment.

Major re-filed its request for judgment again about two months later. In that request, Major explained that it was proceeding only on its breach of contract claim and thus it requested entry of judgment on that claim only. Major stated that, "[a]ssuming judgment is entered on" its breach of contract claim, it would not proceed on its remaining claims.

The trial court continued the OSC hearing to February 2019, and continued it again to May 2019. In April 2019, however, the trial court issued a minute order denying Major's request for entry of default judgment against Shah. The order explained that the "[r]ejections dated 10/13/18 and 12/13/18 still stand. No Statement of Damages and/or proof of service filed. (CCP 425.11 (Personal Injury/Wrongful Death or CCP 425115 (Punitive Damages))."[1]

The trial court again continued the OSC hearing three times, and eventually set it for January 22, 2020. A day before the hearing, however, the trial court entered an order dismissing Major's complaint because "[t]he default judgment application has been rejected over six times."

---

[1] The October 13 and December 13, 2018 "rejections" are not in the record or the register of actions.

3

Major moved to vacate the dismissal, which the trial court granted. In its order granting the motion to vacate, the trial court noted: "Counsel informs the Court the [Code of Civil Procedure section] 585 default packet is regularly being rejected by the Clerk's Office. The Court advises counsel to contact a supervisor in the Clerk's office." The trial court also ordered Major to show cause why the case should not be dismissed "unless Judgment/Dismissal is entered prior to OSC set [for] 4/30/2020."

After the court continued the OSC hearing on its own motion several times, it was eventually set for December 10, 2020. In the meantime, Major resubmitted its request for entry of judgment with supporting documentation. Major requested a default judgment on its breach of contract claim only, and sought $100,000 in damages, $7,144.50 in attorney's fees, and $1,519.30 in costs, for a total of $108,663.80.

In November 2020, the trial court issued a minute order denying Major's request for a default judgment. The order stated in full: "It is unclear how [Major] justifies an even $100000.00 for damages. The request [*sic*] attorney fees do not comply with Local Rule 3190 and therefor [*sic*] excessive. Court costs are excessive and not [*sic*] evidence submitted to support them."

The trial court then set an OSC hearing for a month later concerning whether Major's complaint should be dismissed. After holding the hearing, the trial court dismissed Major's complaint for Major's "[f]ailure to comply with Fast Track rules" and its "persistent failure to prosecute this action in a diligent manner required by the Code of Civil Procedure and the California Rules of Court." Major timely appealed.

4

## III.

## DISCUSSION

Major argues the trial court erroneously denied its request for a default judgment and, as a result, erroneously dismissed its case. We disagree.

When a defendant has defaulted on a complaint which states a viable cause of action, the trial court "'must hear the evidence offered by the plaintiff and *must render* judgment in his favor for such sum, not exceeding the amount stated in the complaint, or for such relief, not exceeding that demanded in the complaint, as appears from the evidence to be just.'" (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 362 (*Johnson*), italics added.) To recover damages on a default judgment, the plaintiff need only make a prima facie showing of entitlement to damages. (*Ibid.*)

"When entering judgment against a defaulting defendant, a trial court acts as a 'gatekeeper,' not a rubber stamp. [Citations.] This is a 'serious' and sober responsibility [citation], requiring the court to assure itself that the plaintiff has made a 'prima facie case' showing entitlement to each type of damages under (1) the relevant statute, contract, or legal doctrine, and (2) the well-pled allegations in its operative complaint." (*Siry Investment, L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1132.) Prima facie evidence is "that which will support a ruling in favor of its proponent if no controverting evidence is presented." (*Evans v. Paye* (1995) 32 Cal.App.4th 265, 280, fn. 13.) "It may be slight evidence which creates a reasonable inference of fact sought to be established but need not eliminate all contrary inferences." (*Ibid*.) Nonetheless, "[p]rima

facie evidence is still evidence and subject to some standards." (*Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496, 1503, fn. 6.)

However, our review of the trial court's award of damages (or refusal to award damages) is "severely circumscribed." (*Uva v. Evans* (1978) 83 Cal.App.3d 356, 363.) We may reverse a trial court's ruling denying an award of damages on a default judgment only if it is "totally unconscionable and without justification." (*Johnson*, *supra*, 72 Cal.App.4th 357 at p. 361.)

The only evidence Major submitted to support its request for damages was Stolz's declaration. Stolz explained that he and his real estate agent concluded that Shah overcharged Major about $1.50 per foot in rent, for a total of $109,000 in overcharged rent. Stoltz's declaration, however, had no supporting documentation. (See *Johnson*, *supra*, 72 Cal.App.4th at p. 362 [plaintiff entitled to default damages in part because he supported oral and written testimony with "a number of exhibits" showing financial losses caused by defendant].) The trial court did not have to accept Stolz's declaration, but instead had the discretion to find Stolz's declaration not credible or otherwise insufficient to support Major's request for damages. (See *Oldenburg v. Sears, Roebuck & Co.* (1957) 152 Cal.App.2d 733, 742 [trial judge has sole discretion to determine the credibility of the evidence and thus may reject evidence as unreliable or not credible]; *Hicks v. Reis* (1943) 21 Cal.2d 654, 659-660 [trial court may reject witness's uncontradicted testimony].). As a result, we cannot say that the trial court's decision not

to award Major any damages was "totally unconscionable and without justification." (*Johnson*, *supra*, 72 Cal.App.4th 357 at p. 361; *Ajaxo*, *supra*, 48 Cal.App.5th at p. 164.)

Major argues otherwise, relying heavily on *Johnson*. But that case is distinguishable. The plaintiff in *Johnson* agreed to have the defendant, Stanhiser, manage his finances, but Stanhiser ended up converting millions of the plaintiff's assets for himself. (*Johnson*, *supra*, 72 Cal.App.4th at p. 359.) The plaintiff testified at a prove-up hearing and submitted a supplemental statement "which laid out in detail each transaction that occurred between himself and Stanihiser." (*Id.* at p. 359.) The statement included "a number of exhibits, such as documents concerning the amount of shares and warrants [in a company] he had owned, treasury orders, investment transaction reports, canceled checks, and correspondence." (*Id.* at p. 362.) The trial court declined to award the plaintiff any damages because he failed to prove he suffered actual damages by a preponderance of the evidence. (*Id.* at p. 360.) This court reversed, holding that the plaintiff only had to establish, and did establish, "a prima facie showing that he was damaged by Stanhiser's actions." (*Id.* at p. 365.)

Unlike the trial court in *Johnson*, there is no indication the trial court here incorrectly applied a preponderance of the evidence standard. (See *Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 769 [appellate court presumes trial court's judgment is correct with "all intendments and presumptions in favor of its correctness"].) Instead, the trial court permissibly found that Stolz's declaration insufficiently showed that Major suffered about $109,000 in damages because

7

of Shah's actions. We presume the trial court applied the correct standard in reaching this decision, not the incorrect higher burden of proof that the *Johnson* trial court explicitly applied.

Major argues that because the trial court erred by denying its request for damages, the court necessarily erred by later dismissing its complaint. Major provides no other argument on the court's dismissal. Because we conclude the trial court had the discretion not to award Major damages on this record, Major has failed to show that the trial court erroneously dismissed its complaint for failure to prosecute. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant must show the trial court prejudicially erred].)

Finally, we note that it is unclear whether Major challenges the trial court's order denying its request for attorney's fees. Although Major notes that the trial court denied the request because it was "excessive," Major provides no argument on the issue in its opening brief. Major thus forfeited any challenge to the trial court's refusal to award attorney's fees. (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned"]; see also *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [appellant forfeits argument made without analysis or authority].) We therefore affirm the trial court's order denying Major's request for attorney's fees. (*Bianco v. California Highway Patrol*, *supra*, 24 Cal.App.4th at p. 1125 [appellant must show the trial court prejudicially erred].)

IV.

DISPOSITION

The trial court's orders denying Major's request for a default judgment, damages, and attorney's fees and dismissing the complaint are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

9