[Civ. No. 12885.   First Dist., Div. Two.   June 22, 1945.]

JAMES A. SCOTT, Appellant, v. OLIVER CROSTH-
WAITE, Respondent.

Simeon E. Sheffey for Appellant.

No appearance for Respondent.

NOURSE, P. J.—The plaintiff appeals from an order which
set aside the default of defendant and a judgment taken after
the default, and which permitted the defendant to file a cross-
complaint and bring in a new party.   After appellant's brief
was filed the respondent suffered default in this court by fail-
ing to file his brief.   Notice of default was duly given in accord
with rule 17(b), Rules on Appeal, and the cause was thereafter
submitted upon appellant's opening brief.

On April 7, 1944, plaintiff filed a complaint for damages and made personal service upon the defendant. On May 24th the default of defendant was entered. Judgment on the default was rendered on June 7th and filed on June 10th. On November 27th the defendant gave notice of motion to set aside the default and the judgment, and for leave to file an answer and cross-complaint and to bring in a new party. This motion was granted on December 4, 1944.

█ The motion to set aside the default and judgment came too late. Section 473 of the Code of Civil Procedure authorizes the court to relieve a party "from a judgment, order, or other proceeding taken against him" through his mistake or excusable neglect. A default entered by the clerk is a proceeding taken against the delinquent party. (*Burns* v. *Superior Court*, 140 Cal. 1, 5 [73 P. 597] ; *Title Ins. etc. Co.* v. *King etc. Co.*, 162 Cal. 44, 46 [120 P. 1066].) The latter case clearly defines the effect of the procedure under the code section to be that when a default is entered after personal service the delinquent party must move for relief within six months of the date of entry, and a motion to set aside a subsequent judgment, though made within six months of its entry does not affect the default and does not permit the delinquent party to file any pleadings or to take any other steps in defense of the action.

The rule of this case was followed in *Macbeth* v. *Macbeth*, 219 Cal. 47 [25 P.2d 11], and *McLain* v. *Llewellyn Iron Works*, 56 Cal.App. 58 [204 P. 869], and we have found no case to the contrary. █ Though it has been said to be a harsh rule of procedure, that cannot be said here because the showing made by respondent was insufficient and the application should have been denied on that ground. It was supported by the affidavit of counsel for respondent only and this affidavit set forth facts in relation to a defense to the action which were based entirely upon hearsay and also showed affirmatively that there was a want of diligence in permitting the time to run.

The order is reversed.

Goodell, J., and Dooling, J. pro tem., concurred.