[Civ. No. 14124.   First Dist., Div. Two.   Feb. 2, 1950.]

MAX HOLSINGER, Appellant, v. ANNE HOLSINGER, Respondent.

Freed, Gebauer & Freed for Appellant.

Goldstein, Lewis & Barceloux for Respondent.

DOOLING, J.—Appellant sued respondent for divorce and summons was personally served on respondent on December 26, 1947. Respondent employed an attorney and with his advice entered into a property settlement agreement with appellant. Respondent failed to appear in the action and on January 13, 1948, her default was entered. The cause was brought on for hearing on that date as a default matter and after hearing the testimony of appellant and his corroborating witness the trial judge continued the matter and expressed a desire to hear the respondent. Counsel for appellant communicated with respondent and she wrote a letter to the judge advising him that she did not desire a divorce. Thereupon, on

January 16, 1948, the judge dropped the cause from the trial calendar.

On July 28, 1948, the cause was brought to trial before a different judge and an interlocutory decree of divorce was entered on that day. On August 16, 1948, respondent noticed a motion for an order relieving her from the interlocutory decree on the grounds of ''mistake, inadvertence, surprise and excusable neglect,'' and on October 15, 1948, an order was made vacating the interlocutory decree and the respondent's default and granting her permission to file an answer and cross-complaint.

The appeal is taken from this order.

It will be observed that the motion was only directed to the interlocutory decree of divorce and not to the default previously entered on January 13, 1948, and that the court nevertheless ordered the default set aside as well as the decree. This is an irregularity the effect of which we need not consider because of a more serious defect in the proceedings which necessitates a reversal. Under section 473, Code of Civil Procedure, an application to be relieved from a judgment, order or other proceeding taken against a party ''through his mistake, inadvertence, surprise or excusable neglect'' must be made within ''six months, after such judgment, order or proceeding was taken.''

It is the general rule that where a judgment has been entered after the default of a party has been taken the six-month period runs from the date of the default and not from the date of the judgment. (*Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 P. 1066]; *McLain* v. *Llewellyn Iron Works,* 56 Cal.App. 58 [204 P. 869]; *Scott* v. *Crosthwaite,* 69 Cal.App.2d 663 [159 P.2d 660]; 14 Cal.Jur., Judgments, § 112, pp. 1068-1069.) The reason for the rule is thus stated in *Title Insurance etc. Co.* v. *King etc. Co., supra,* at page 46:

''A default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. A defendant against whom a default is entered 'is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action.' (6 Ency. of Plead. and Prac., p. 126.) He cannot thereafter, nor until such default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings. (6 Ency. of Plead. and Prac., p. 127.) ''

As more tersely expressed in *Christerson* v. *French*, 180 Cal. 523, 525 [182 P. 27]:

"A defendant against whom a default is entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action. (Citing cases.)"

It was the trial judge's theory that because of the language of section 130, Civil Code—"No divorce can be granted upon the default of the defendant . . ."—this general rule does not apply in divorce actions, and the time within which to apply for relief runs from the date of the interlocutory decree of divorce and not from the date of the default. The cases do not support this theory. The effect of section 130, Civil Code, is not to give the defendant in a divorce action any greater rights after his default than in any other action. "The provision of the Civil Code merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof." (*Foley* v. *Foley*, 120 Cal. 33, 37 [52 P. 122, 65 Am.St.Rep. 147].) But the proceeding, after defendant's default, is no longer an adversary proceeding in the sense that defendant has the right to plead or otherwise appear therein in opposition to plaintiff. (*Foley* v. *Foley*, supra; *Reeves* v. *Reeves*, 34 Cal.2d 355, 358-359 [209 P.2d 937]; *Waldecker* v. *Waldecker*, 178 Cal. 566 [174 P. 36].) It would seem to follow that the effect of defendant's default in a divorce action is to foreclose defendant from the right of contest as in other actions; that the default must be set aside to afford defendant any effective relief; and that for that reason the time to move for relief runs from the date of the default and not from the date of the interlocutory decree. This was apparently the view of the Supreme Court in *Bowman* v. *Bowman*, 29 Cal.2d 808, the court saying at page 813 [178 P.2d 751, 170 A.L.R. 246]:

"The trial court could not relieve defendant from the entry of the default because the motion under section 473 was not made within six months after the entry of default."

Loose language appears in some cases (*Macbeth* v. *Macbeth*, 219 Cal. 47 [25 P.2d 11]; *Chiarodit* v. *Chiarodit*, 218 Cal. 147 [21 P.2d 562]; *Reeh* v. *Reeh*, 69 Cal.App.2d 200 [158 P.2d 751]) which lends some color to respondent's argument that in divorce actions the six-month period to move under section 473 runs from the date of the interlocutory

decree and not from the date of the default. The courts in those cases were not directing their attention to this question and the language there used must be regarded as dictum not controlling on this court.

Whether respondent might have the default and interlocutory decree set aside on the ground of extrinsic fraud is not properly before us and on that question we express no opinion. The motion was not made on that ground, the order recites the grounds of the motion and makes no reference to fraud, and the order cannot be affirmed on a ground not stated in the motion nor considered by the court. (*Westphal* v. *Westphal*, 61 Cal.App.2d 544 and cases cited at p. 550 [143 P.2d 405].)

The order appealed from is reversed.

Nourse, P. J., and Goodell, J., concurred.