[Civ. No. 5552.   Fourth Dist.   Oct. 16, 1957.]

HAL EVRY, Appellant, v. BERTHA E. TREMBLE, Respondent.

*Assigned by Chairman of Judicial Council.

Edward Raiden for Appellant.

David N. M. Berk for Respondent.

GRIFFIN, J.—Plaintiff and appellant, on April 4, 1955, filed an action for damages claiming that defendant and respondent sold him certain described real property in Riverside County by deed recorded November 23, 1953; that on January 27, 1955, plaintiff discovered that defendant did not own all the property described in the deed, she having previously sold a portion of it on September 11, 1948, to another person; that on several occasions plaintiff demanded title to the whole; that plaintiff contracted to sell the whole and upon discovery of the facts the purchaser canceled his contract of purchase to plaintiff's damage in the sum of $3,500. Summons was served on defendant on April 9, 1955. There was no appearance for defendant and on April 29, 1955, a default was entered. On May 9, 1955, the court entered judgment by default. On December 28, 1955, defendant, through her attorney, moved to set aside the default and default judgment on the ground that default judgment was taken against her by her mistake, inadvertence, surprise and excusable neglect. A verified answer was served with her affidavit, denying generally the allegations of the complaint and alleging she was then the owner in fee of the premises sold to defendant. By

affidavit of plaintiff's attorney he avers that he sent a copy of the summons and complaint to another attorney to serve and he did so; that he waited for the time required by law before entering default. He claimed the court had no jurisdiction to set aside the default and judgment under section 473 of the Code of Civil Procedure after six months following entry of the judgment, citing such authority as *Scott* v. *Crosthwaite*, 69 Cal.App.2d 663 [159 P.2d 660]; and *Knox* v. *Superior Court*, 100 Cal.App. 452 [280 P. 375].

Thereafter, the court ordered the motion submitted on written briefs. On January 13, 1956, defendant filed in said action a document denominated ''Petition to Vacate Judgment,'' signed by defendant's attorney, alleging that judgment was rendered against defendant on May 9, 1955, for $1,800; that said judgment was obtained by plaintiff by ''fraud practiced by the said plaintiff upon the above entitled court in obtaining the same,'' i.e., that plaintiff must have represented to the court at the hearing that defendant was not the owner of the entirety when in truth and in fact she was, and plaintiff well knew this fact; that plaintiff misrepresented the facts to the court and stated he did not know there was no water furnished with said property when in truth and in fact he knew there was none furnished; that defendant had a good and valid defense to said action; that said fraud was discovered since the preparation and filing of the notice of motion to set aside the default; and that prior thereto petitioner was ill and confined to her bed with acute rheumatic fever. She prayed that the court determine these proceedings as supplemental to the motion theretofore made. Notice of the hearing on said petition was served on plaintiff and a hearing was set for February 16, 1956. Witnesses were sworn and examined, and exhibits were offered both for defendant and plaintiff, and on March 15th the court made an order granting the motion to open the default and ''for good cause appearing, the motion to set aside default judgment is granted,'' and ordered that it be set aside and vacated.

Defendant testified at the hearing that she was ill with rheumatic fever and under the doctor's care prior to the filing of the complaint in this action; that she could not move her arms or legs and was in a hospital on one occasion; that she did not recall ever receiving any communication from plaintiff or his attorney or of being served with any summons and complaint in this action; that her daughter kept her mail in a box and did not allow her to see it; that when she was able to walk

around sometime in September, 1955, she found the papers and was told by someone in December, 1955, that plaintiff had obtained a judgment against her; that she then examined the records, found that the judgment had been entered against her, and sought advice from the legal aid. She was told to obtain an attorney, which she did. He filed the proceedings indicated.

Considerable testimony was taken, both pro and con, relating to the deed transaction and plaintiff's observation of stakes located on the property when he purchased it. Apparently this evidence was received on the theory that defendant might have a good defense to the action. Plaintiff appealed from the order. There is some showing by minute order that defendant abandoned the first motion to set aside the default judgment under section 473 of the Code of Civil Procedure and the court permitted the use of affidavits and the proposed answer in connection with the "petition to vacate judgment" together with a map (Defendant's Exhibit A). There is some indication that the petition to vacate the judgment was used as part of defendant's brief in aid of the first motion. The court then ordered plaintiff's brief filed in opposition to the motion and to be made a part of the record on appeal.

It is plaintiff's argument that the court had no jurisdiction in this nature of a proceeding to set aside the judgment for the reason that the so-called petition was not an authorized pleading, that it did not set forth sufficient facts to allege fraud or show defendant had a bona fide defense to the action and that an independent action in equity was required, citing many cases including *Ransom* v. *Los Angeles City High School Dist.*, 129 Cal.App.2d 500 [277 P.2d 455]; *Jones* v. *Evarts*, 114 Cal.App.2d 496 [250 P.2d 671]; *Castagnoli* v. *Castagnoli*, 124 Cal.App.2d 39 [268 P.2d 37]; *United States* v. *Throckmorton*, 98 U.S. 61 [25 L.Ed. 93]; and *Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621].

It is defendant's claim that an independent action in equity is not always necessary to secure relief from a default judgment. ▇ It was said in *McGuinness* v. *Superior Court*, 196 Cal. 222, at pages 231-232 [237 P. 42, 40 A.L.R. 1110], that:

". . . a motion to set aside a judgment upon the ground of fraud in its procurement is not subject to the six-months' limitation provided in section 473 of the Code of Civil Procedure; . . . while providing for relief in cases of 'mistake, inadvertence, surprise or excusable neglect' does not include 'fraud' among the grounds . . . 'the power to vacate upon mo-

tion a judgment obtained by fraud is inherent in courts of general jurisdiction, and that the same may be exercised after the lapse of the statutory time which limits the entertainment of applications based upon surprise, inadvertence and so forth, provided that such motions are made within a reasonable time. What is a reasonable time is a matter of sound legal discretion in the court in which the motion is made.' " (See also *Richert* v. *Benson Lumber Co.*, 139 Cal.App. 671 [34 P.2d 840] ; *Smith* v. *Jones*, 174 Cal. 513 [163 P. 890] ; and *Barnett* v. *Reynolds*, 124 Cal.App. 750 [13 P.2d 514].)

Apparently the trial court in this action considered the showing made by defendant as ''extrinsic mistake'' a recognized ground for the intervention of equity. See *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317], where it is held (quoting from the syllabus) that:

''The power of a court of equity to relieve against judgments is not confined to cases where they have been procured by fraud, but extends also to judgments wrongfully given by reason of mistake either of the court or of the injured party unmixed with fraud, and not the result of the negligence of the injured party.'' (See also *Amador Canal & Mining Co.* v. *Mitchell*, 59 Cal. 168 ; and *Smith* v. *Busniewski*, 115 Cal.App. 2d 124 [251 P.2d 697].)

The leading case of *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564], cited in 140 A.L.R. 1328, has some factual significance to the instant proceeding.

There the court fully discussed the powers of our courts to set aside their judgments generally and concluded, at pages 575-576, that:

''One who has been prevented by extrinsic factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him. . . . Where the court that rendered the judgment possesses a general jurisdiction in law and in equity, the jurisdiction of equity may be invoked by means of a motion addressed to that court.'' (See also *Dei Tos* v. *Dei Tos*, 105 Cal.App.2d 81 [232 P.2d 873] ; *Thiriot* v. *Santa Clara E. School Dist.*, 128 Cal.App.2d 548 [275 P.2d 833] ; *Wendell* v. *Wendell*, 111 Cal.App.2d 899 [245 P.2d 342] ; *Antonsen* v. *Pacific Container Co.*, 48 Cal.App.2d 535 [120 P.2d 148] ; and *Rogers* v. *Mulkey*, 63 Cal.App.2d 567 [147 P.2d 62].)

The requirement of a meritorious defense does not require a guaranty of victory. The fact that the defense may be difficult to prove is not determinative. (*Olivera* v. *Grace*,

*supra; Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194].) █ While the so-called petition to vacate judgment may not be a model pleading sufficient in itself to withstand attack by demurrer, it was, in effect, a motion to vacate the judgment on the ground indicated. This petition, together with the showing made, justify the action of the trial court, and would be sufficient to allow the case to be reopened and heard on its merits. (*McGuinness* v. *Superior Court, supra.*)

Orders affirmed.

Barnard, P. J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.