[No. B165939. Second Dist., Div. Five. June 16, 2004.]

TIMOTHY W. YEUNG et al., Plaintiffs and Respondents, v.
EMERY SOOS, Defendant and Appellant.

**COUNSEL**

Emery Soos, in pro. per., for Defendant and Appellant.

Anderson, McPharlin & Conners and Michael S. Robinson for Plaintiffs and Respondents.

**OPINION**

**GRIGNON, J.**—Defendant and appellant Emery Soos appeals from an order denying his motion to vacate a judgment following his default in this quiet title action brought by plaintiffs and respondents Timothy and Chuanpit Yeung. Defendant contends a default judgment in a quiet title action is void. We conclude the trial court erred when it entered a quiet title judgment utilizing normal default prove-up procedures, without an evidentiary hearing. (Code Civ. Proc., § 764.010.) However, we further conclude the judgment was not void and the motion to vacate was therefore untimely. We reject

defendant's other challenges to the order. Accordingly, we affirm the order denying the motion to vacate.

## FACTS AND PROCEDURAL BACKGROUND

Defendant acquired residential property in Manhattan Beach in 1975.[1] In 1994, defendant lost the property by nonjudicial foreclosure. The lender acquired title to the property by trustee's deed. In that same year, plaintiffs acquired the property from the foreclosing lender by grant deed. Plaintiffs built a new home on the property and have resided in the home continuously since 1995. In 1999, defendant recorded against the property a Notice of Intent to Preserve Interest and Private Land Claim. Defendant claimed to be the true owner of the property.

On September 14, 2000, plaintiffs filed a verified complaint against defendant for cancellation of instrument, quiet title, slander of title, and declaratory relief. Defendant was served by substitute service with the summons and complaint on September 21, 2000. Defendant had actual notice of the action, but failed to answer. In October 2000, a lis pendens was filed and recorded by plaintiffs. Defendant's default was entered by the clerk on November 8, 2000. Plaintiffs moved for entry of a default judgment by the court on February 21, 2001. The motion was supported by the following: the trustee's deed, the grant deed, the Notice of Intent to Preserve Interest and Private Land Claim, proof of service of the summons and complaint, the declaration of plaintiff Timothy Yeung, and the declaration of plaintiffs' attorney. On February 22, 2001, after finding that defendant had been served with the summons and complaint, the trial court entered a default judgment: (1) declaring the Notice of Intent to Preserve Interest and Private Land Claim void; (2) declaring that defendant had no interest in the property; (3) quieting title to the property in the plaintiffs; and (4) enjoining defendant from recording any further documents against the property. An amended default judgment correcting certain clerical errors was filed on May 16, 2001. Defendant had actual notice of entry of the default judgment.

On February 7, 2003, defendant moved to set aside the default judgment on the grounds that the judgment was void for lack of personal jurisdiction and because his debt to the lender had been discharged in bankruptcy. Defendant asserted the lack of personal jurisdiction was due to his status as a citizen of the former Yugoslavia. On February 28, 2003, the motion was denied. On March 19, 2003, defendant appealed.

---

[1] We state the facts in the light most favorable to the judgment.

## DISCUSSION

On appeal, defendant contends: he was not served with the summons and complaint, and therefore the trial court acquired no personal jurisdiction over him; the judgment was erroneous on the merits; and a quiet title judgment may not be obtained by default. Plaintiffs respond that proper service has been established; the judgment is not void on the face of the record or for lack of personal jurisdiction; the motion to set aside the judgment was untimely; and the merits of the quiet title action are not at issue.

*Quiet Title Actions*

■    Statutory actions to quiet title are governed by chapter 4 (Quiet Title), title 10 (Actions in Particular Cases) of the Code of Civil Procedure. (Code Civ. Proc., § 760.010 et seq.)[2] An action to quiet title establishes the plaintiff's title to real property against adverse claims. (*Id.*, § 760.020, subd. (a).) The statutes and rules applicable to general civil actions apply to quiet title actions, unless they are inconsistent with the specific quiet title provisions. (*Id.*, § 760.060.) Judgments in quiet title actions are governed by article 5 of chapter 4. (*Id.*, § 764.010 et seq.)

Code of Civil Procedure section 764.010 provides: "The court shall examine into and determine the plaintiff's title against the claims of all the defendants. The court shall not enter judgment by default but shall in all cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants, other than claims the validity of which is admitted by the plaintiff in the complaint. The court shall render judgment in accordance with the evidence and the law."[3]

■    Code of Civil Procedure section 764.010 is frequently referred to as a prohibition against default judgments in quiet title actions. (See *Winter v. Rice* (1986) 176 Cal.App.3d 679, 683 [222 Cal.Rptr. 340].) "However, the provision against default judgments [in quiet title actions] appears to be a misnomer; i.e., it seems only to require a higher standard of evidence at the 'prove-up' hearing []." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 5:271, p. 5-59.) Competent evidence

---

[2] A statutory action to quiet title is not an exclusive remedy, but is cumulative to other remedies, such as partition actions, actions to remove a cloud on title, and declaratory relief actions. (Legis. Com. com., 17A West's Ann. Code Civ. Proc. (2004 supp) foll. § 760.030, subd. (a) pp. 45–46.) However, the trial court may require that the quiet title statutory provisions be utilized in these other actions in which quiet title to property is in issue. (Code Civ. Proc., § 760.030, subd. (b).)

[3] The first sentence of this section establishes that there is no right to a jury trial in a quiet title action. (*Estate of Phelps* (1990) 223 Cal.App.3d 332, 340 [273 Cal.Rptr. 2].)

is required at the hearing of a quiet title action after default. (*Id.*, ¶ 5:190, p. 5-44, ¶ 5:203, p. 5-47.) Code of Civil Procedure section 764.010 simply provides that a plaintiff does not have a right to entry of judgment in his or her favor *as a matter of course* following entry of the defendant's default in a quiet title action. (*Winter v. Rice, supra,* 176 Cal.App.3d at p. 683.) The statute does not preclude entry of a defendant's default. (*Ibid.*; see Code Civ. Proc., § 585, subd. (b).) In fact, the statute was expressly intended to be consistent with Code of Civil Procedure section 583, subdivision (c), which concerns default judgments where service is by publication. (Cal. Law Revision Com. com., 17A West's Ann. Code Civ. Proc. (2004 supp.) § 764.010, p. 58.)

■ Code of Civil Procedure section 764.010 does require, however, an evidentiary hearing in a quiet title action after default. In quiet title actions, default proceedings must be conducted by means of evidentiary hearings. (Super. Ct. L.A. County, Local Rules, rule 9.11(b).) In quiet title actions, judgment may not be entered by the normal default prove-up methods; the court must require evidence of the plaintiff's title. (Cal. Real Property Remedies Practice (Cont.Ed.Bar 2d ed. 2002) Quieting Title, § 7.50, p. 394 ["If properly served defendants have not appeared, their default may be entered by the clerk, and judgment entered after a default prove-up hearing. [Citation.] All proof that plaintiff would have had to present at trial, however, must be presented at that hearing; a declaration or other summary procedure will not be permitted. Live witnesses must testify, and complete authentication of the underlying real property records is essential."].)[4]

■ Accordingly, we conclude that a judgment may be entered in a quiet title action following default, provided the evidentiary requirements of Code of Civil Procedure section 764.010 are met.

*Timeliness of Motion to Set Aside Default Judgment*

■ Defendant effectively concedes his motion to vacate the default judgment was untimely unless the judgment is void. (Code Civ. Proc., § 473,

---

[4] Apparently, no cases have construed the provisions of Code of Civil Procedure section 764.010. However, a similar provision found in the Family Code has been construed. Family Code section 2336 provides in pertinent part: "(a) No judgment of dissolution or of legal separation of the parties may be granted upon the default of one of the parties . . . ; but the court shall . . . require proof of the grounds alleged, and the proof, if not taken before the court, shall be by affidavit." A predecessor to this statute has been interpreted as follows: "The effect of [the predecessor statute] is not to give the defendant in a divorce action any greater rights after his default than in any other action. 'The provision of the [predecessor statute] merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof.'" (*Holsinger v. Holsinger* (1950) 95 Cal.App.2d 835, 837 [214 P.2d 412].)

subd. (b).) A void judgment may be challenged at any time. (*Id.*, subd. (d); *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 862–864 [121 Cal.Rptr.2d 695].) A judgment may be void on the face of the record or void for lack of proper service. Defendant contends the judgment is void on the face of the record because the trial court is not authorized to enter a default judgment in a quiet title action and the judgment is void because he was not properly served. We will address these contentions and conclude the default judgment is not void and the motion to vacate the default judgment was therefore untimely.

*Void on the Face of the Record*

A judgment is void on the face of the record when it appears on the face of the record that the trial court had no power to enter the default or the default judgment. (*Heidary v. Yadollahi, supra,* 99 Cal.App.4th at p. 862.) Thus, for example, a court has no power to enter a defendant's default after the defendant has answered but has failed to appear for trial. (Code Civ. Proc., § 585 [a default judgment may be had if the defendant fails to answer]; *Heidary v. Yadollahi, supra,* 99 Cal.App.4th at p. 862; compare *Gray v. Hall* (1928) 203 Cal. 306, 313 [265 P. 246], with *Reher v. Reed* (1913) 166 Cal. 525, 528 [137 P. 263].) In addition, a default judgment is void when the damages are in excess of the damages specified in the complaint or the statement of damages. (*Heidary v. Yadollahi, supra,* 99 Cal.App.4th at p. 864.)

As we have discussed, the trial court is authorized to enter a default in a quiet title action. (Code Civ. Proc., § 764.010.) The trial court may enter judgment following a default after an evidentiary hearing. (*Ibid.*) Although plaintiffs presented substantial documentary evidence of their title, the evidentiary hearing in this quiet title action was not properly conducted. The trial court rendered judgment by the normal default prove-up method, including the submission of documents and declarations. The trial court should have held an evidentiary hearing. However, the improper procedure did not deprive the trial court of the power to enter the judgment. The procedure was merely erroneous. The judgment is not void on this ground. (*Amestoy Estate Co. v. City of Los Angeles* (1907) 5 Cal.App. 273, 277–278 [90 P. 42].)

*Void for Lack of or Improper Service*

If service of summons was not made or was improper, and actual notice was not received, the default judgment is void for lack of personal jurisdiction. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 [29 Cal.Rptr.2d 746].) On appeal, defendant contends he was not properly served by substitute service and did not receive actual notice.

However, he did not raise this ground in the motion to vacate the default and default judgment. Defendant may not raise this issue for the first time on appeal.

*Merits*

Defendant challenges the merits of the underlying judgment. Because we have concluded that the motion to vacate the default judgment was untimely and thus properly denied by the trial court, we do not reach this issue.

## DISPOSITION

The order denying the motion to vacate the default judgment is affirmed. Plaintiffs are awarded their costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied July 2, 2004, and the opinion was modified to read as printed above.