Filed 5/29/26  Ashby v. Harsh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

| | |
|---|---|
| BREANNA ASHBY et al.,<br>　　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>RICHARD HARSH, as Executor, etc.,<br>　　　Defendant and Respondent. | C103529<br><br>(Super. Ct. No. 2024-CV0076638) |

Plaintiffs Breanna Ashby and Julien Santa filed a quiet title action, claiming to have acquired title to certain real property in Lassen County through adverse possession. The complaint named as defendants the Estate of Richard Lisman (the Estate); an "in care of" agent, Richard Harsh; and numerous Does.  When no defendants answered the complaint, default and default judgment were entered against the Estate and Harsh.  A few months later, Harsh filed a motion to vacate the entry of default and to set aside the default judgment under Code of Civil Procedure section 473, subdivision (b), asserting that he was the executor of the Estate and was never served with notice of the action.[1] The trial court issued an order granting Harsh's motion, and plaintiffs filed the present appeal.  Finding no merit in plaintiffs' challenges to the trial court's decision, we affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

BACKGROUND

In October 2024, plaintiffs (proceeding in propria persona, as they do in this appeal) filed an action to quiet title under the doctrine of adverse possession. They claimed to have continuously, openly, and exclusively possessed certain real property in Lassen County that was formally owned by Richard Lisman, who had passed away some 20 years earlier. Plaintiffs attached various documents and declarations in support of the complaint. The accompanying proof of service reflected that a third party personally served the summons and complaint on defendants "Richard Lisman est. / Richard Harsh c/o" on October 24, 2024.

On December 3, 2024, plaintiffs filed a request for entry of default, request for default judgment, and a declaration in support. The accompanying proof of service stated that a third party personally served Harsh with the documents. The trial court clerk entered the default of the Estate and Harsh that same day. About one week later, the trial court entered default judgment in favor of plaintiffs.

In late February 2025, Harsh filed a motion under section 473, subdivision (b) to vacate the entry of default and to set aside the default judgment. Harsh identified himself as the stepfather of plaintiff Ashby and the executor of the Estate. He asserted as grounds for relief "complete surprise" regarding the filing and adjudication of the action, claiming that he was never served as stated in the proofs of service. In an accompanying declaration, Harsh averred that he "was simply not served and never acquired knowledge [of the claim or judgment] until January 12, 2025," when he learned from a neighbor of the subject property that Ashby was "up to something regarding the property." Harsh informed his counsel, and as further described in counsel's own declaration, counsel went to the courthouse the next day to investigate. There, counsel obtained a copy of the file in the present action. Both counsel and Harsh claimed to be surprised by the statements that Harsh had been served with notice of the action. Harsh also filed a proposed answer responding to the complaint's allegations and asserting affirmative defenses.

2

Plaintiffs opposed Harsh's motion, and it was heard a few weeks later. No transcript of the hearing was provided as part of the appellate record.

The trial court issued a written order granting Harsh's motion. Stating that "[s]atisfactory proof having been made and good cause appearing in that the law favors cases being tried on the merits," the court ordered the default and default judgment set aside and vacated.

Plaintiffs timely appealed.

## DISCUSSION

### I.

A default and default judgment may be set aside pursuant to section 473, subdivision (b), which provides in relevant part: "The court may, upon any terms as may be just, relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." (See *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.)[2] An application for such relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).)[3] Section 473, subdivision (b) also contains a "mandatory relief provision" that requires courts to vacate a default or default judgment caused by the mistake, inadvertence, surprise, or neglect of a party's attorney if certain conditions are met. (*Bailey v. Citibank, N.A.* (2021) 66 Cal.App.5th 335, 348-349.)

---

[2] After the trial court's ruling in this case, section 473 underwent minor amendments, effective January 1, 2026. (Stats. 2025, ch. 563, § 12.) Those amendments are not material to our analysis, and we quote the current text of section 473.

[3] The statute imposes a different deadline for cases determining ownership or right to possession of real or personal property with the service of a qualifying written notice (§ 473, subd. (b)), but no party asserts that provision applies here.

To qualify for discretionary relief under section 473, subdivision (b), the party seeking relief "must show (1) a proper ground for relief, and (2) 'the party has raised that ground in a procedurally proper manner, within any applicable time limits.' " (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229; see *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 [movant must be "diligent" by applying for relief within statute's time limits].) "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980; see also *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 803 [§ 473's "broad remedial provisions" " 'should be *liberally applied* and the power freely exercised to carry out the policy in favor of trial on the merits' "].) "The party seeking relief, however, bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)

"An order vacating a default and default judgment is appealable as an order after final judgment." (*Manson, Iver & York v. Black*, *supra*, 176 Cal.App.4th at p. 42; see § 904.1, subd. (a)(2).) We review an order granting relief from a default judgment for abuse of discretion. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907.) It is an appellant's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].)

## II.

Because no assertion of attorney fault appears in Harsh's motion to vacate, we understand the trial court to have granted relief under section 473's discretionary relief provision, not the mandatory relief provision. (See *Bailey v. Citibank, N.A.*, *supra*,

4

66 Cal.App.5th at p. 348 [distinguishing between § 473, subd. (b)'s "two distinct provisions" for discretionary and mandatory relief].)  And because the trial court's order does not state which of section 473's discretionary grounds it relied upon, and plaintiffs have provided no reporter's transcript of the proceedings, we presume the order "was based on any rationale supported by the record." (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

Plaintiffs advance three principal arguments in support of their challenge, but none demonstrates that the trial court abused its discretion in granting Harsh relief.  Plaintiffs first contend that the trial court erred by setting aside the default judgment without assessing whether Harsh had a meritorious defense to the evidence of adverse possession that, in plaintiffs' view, the court had found sufficient when entering judgment in their favor.  We disagree because the court was not required to consider the merits of Harsh's defense in order to grant relief under section 473.  Since 1981, the statute has specifically provided that "[n]o affidavit or declaration of merits shall be required of the moving party." (§ 473, subd. (b); see *Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 789.)  As explained in *Uriarte*, the addition of this language in 1981 made clear that a movant need not show " 'a meritorious case or defense, so that a different result might possibly be reached if the judgment or order was vacated.' " (*Uriarte*, at p. 789.)  And in general, " 'a hearing on a motion to relieve a defendant from default is not the place or time to ascertain whether defendant really has a defense.' " (*Id.* at pp. 788-789, quoting *First Small Business Inv. Co. v. Sistim, Inc.* (1970) 12 Cal.App.3d 645, 650.)

Plaintiffs rely on case law regarding requests to set aside defaults on equitable grounds—a form of relief available after expiration of the six-month deadline for statutory relief. (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981.)  For example, they cite *Rappleyea*, which recognized that proof of " 'a meritorious case' " is required to obtain equitable relief from a default judgment on the basis of extrinsic mistake. (*Id.* at

5

p. 982.)  But here, Harsh filed his motion roughly three months after the entry of default, well within the statutory window, without invoking any equitable grounds for relief, and plaintiffs do not contend that the motion was otherwise untimely.  The other authorities that plaintiffs cite do not support their position.  Indeed one (purportedly captioned "*Salvatore Carrano v. Anastasia Dibizheva*") provides a citation to a different case altogether (*People v. Sullivan* (2007) 151 Cal.App.4th 524), and no California case with the stated caption appears to exist.

Next, plaintiffs argue that the trial court abused its discretion by setting aside the default judgment without adequate proof that Harsh's original failure to answer was due to "mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  Specifically, plaintiffs challenge the trial court's apparent acceptance of Harsh's claim of "surprise" despite their proofs of service showing Harsh was personally served.

We are not persuaded.  Harsh presented a declaration averring that he had not been served, and we cannot say it was an abuse of discretion for the court to have credited Harsh's declaration over plaintiffs' proofs of service.  (See *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479 ["[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court" in reviewing for abuse of discretion].)  Plaintiffs maintain that their proofs of service were presumptively valid under Evidence Code section 647, but that statute applies when service is effectuated by a registered process server, something that did not happen here.  The proof of service of the summons and complaint in this case declares that the individual who served the papers was "not a registered California process server."  And the subsequent proof of service of the default judgment documents reflects that they were served by the same person.  Plaintiffs have therefore failed to show error in the trial court's implied finding that Harsh's failure to timely answer the complaint was

6

due to surprise, warranting discretionary relief from the default judgment under section 473, subdivision (b).[4]

Last, plaintiffs argue that the order setting aside the default and default judgment was void because of an appearance of judicial bias arising from the trial court's asserted interactions with defense counsel, whom plaintiffs describe as a "known personal friend" of the judge. Plaintiffs claim that, before the hearing on the motion to vacate, the judge and defense counsel engaged in a friendly 20-minute conversation in the courtroom and that their "visible familiarity" and "observable camaraderie" created an appearance of impropriety. Plaintiffs identify nothing in the record to support these claims, and we lack a reporter's transcript or minutes of the motion hearing. There is also no indication in the record that plaintiffs raised any issue of judicial misconduct in the trial court. We therefore have no basis on which to address the merits of plaintiffs' judicial bias claims.

---

[4] We note as well that the default judgment appears not to have been properly entered in the first place because the trial court failed to hold an evidentiary hearing in open court to evaluate plaintiffs' quiet title claim. (§ 764.010 ["The court shall not enter judgment by default but shall in all [quiet title] cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants"]; *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 947 ["Notwithstanding a defendant's default in a quiet title action, the plaintiff is not automatically entitled to judgment in its favor but must prove its case in an evidentiary hearing with live witnesses and any other admissible evidence"]; *Yeung v. Soos* (2004) 119 Cal.App.4th 576, 581 ["Live witnesses must testify, and complete authentication of the underlying real property records is essential"].) We do not address this issue further, however, because no party has briefed it, and for the reasons discussed in the opinion, we are affirming the order setting aside the default judgment on other grounds.

## DISPOSITION

The trial court's order vacating the default and default judgment is affirmed.

Harsh shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/

FEINBERG, J.

We concur:

/s/

MAURO, Acting P. J.

/s/

KRAUSE, J.

8